IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., as successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P., </br></br>           Plaintiff,</br></br>v.</br></br>JANICE DEVAUGHN, *et al.*,</br></br>           Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>)  CASE NO. 2:12-cv-0853-MEF</br>)</br>)</br>)</br>) |

## **DEFAULT JUDGMENT**

In accordance with the Order (Doc. #2) issued on November 29, 2012, it is the ORDER, JUDGMENT, and DECREE of the Court as follows:

(1)  The United States Bankruptcy Judge's Report and Recommendation (Doc. #1-5) that Plaintiff's Motion for Default Judgment (Doc. #1-4) is ADOPTED.

(2)  In accordance with the Default Judgment, it is further ordered as follows:

   a.  The Quitclaim Deed dated March 28, 2003 and recorded in the Chilton County Judge of Probate's Office (the "Probate Office") in Real Property Book 289, Page 0005 ("Deed 4") does not reflect the true intent of the parties due to mutual mistake of the parties, or mistake on the part of one party which the other party knew or suspected.  Deed 4 does not contain a full description of the property to be conveyed.  Due to mutual mistake of the parties or by mistake on the part of one party which the other party knew or suspected, Defendant Margaret Devaughn has

erroneously retained an interest in property which the parties did not intend for her to retain an interest. Margaret DeVaughn has not defrauded the Plaintiff, BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P. (BOA). No monetary judgment is entered against Margaret DeVaughn.

      b.      As a remote grantee, BOA is entitled to reform Deed 4 under Ala. Code §§ 35-4-150 to 153. An interest in part of the property that was intended to be encumbered by the Mortgage (hereinafter defined) is held by Margaret Devaughn due to the above referenced mutual mistake of the parties or mistake on the part of one party which the other party knew or suspected. (*See* Complaint Seeking Reformation of Deeds and Mortgages, Doc. #1-2, at ¶¶ 48–50).

      c.      The Mortgage dated August 21, 2007 and recorded in the Probate Office in Real Property Book 2007, Page 134781 ("Mortgage") does not reflect the true intent of the parties due to mutual mistake of the parties. The Mortgage does not contain a full description of the property the parties intended to encumber. Due to the mutual mistake of the parties the Mortgage encumbers only part of the property to be encumbered.

      d.      Despite the parties' intentions, the Mortgage notary acknowledgment also omits Ocie DeVaughn's name.

      e.      By virtue of the Assignment recorded in the Chilton County Probate Office in Real Property Book 2011, Page 167200, BOA and Ocie DeVaughn intended that BOA be granted an interest in the surveyed property. The Mortgage does not

encumber the entirety of the property the parties agreed to encumber by mutual mistake.

Accordingly, the Quitclaim Deed dated March 28, 2003 and recorded in the Chilton County Probate office in Probate Office in Real Property Book 289, Page 0005 (a/k/a Deed 4) is reformed to read, in the property description, in full:

> **A lot or parcel of land lying and being in the NE ¼ of the SE ¼, Section 24, Township 21, Range 14, Chilton County, Alabama, being more particularly described as follows: Begin at the SW corner of said quarter-quarter and run thence E along the S line of said quarter-quarter a distance of 500 feet to a point; said point being the point of beginning of the property herein described; from the point of beginning thus established continue E along the S line of said quarter-quarter a distance of 200 feet to a point; thence run N a distance of 300 feet to a point; thence run W 200 feet to a point; thence run S a distance of 300 feet to a point; it being the intention of grantors to convey unto grantees a rectangular shaped parcel of property adjoining the E side of that parcel of land heretofore conveyed by grantors to grantees as recorded in Book 616 at Page 592, Chilton County Probate Office.**
>
> **A lot or parcel of land lying and being in the NE ¼ of the SE ¼ of Section 24, Township 21, Range 14, Chilton County, Alabama, being more particularly described as follows: Begin at the SW corner of said quarter-quarter and run thence E along the S line of said quarter-quarter a distance of 500 feet to a point; thence run N a distance of 300 feet to a point; thence run W a distance of 500 feet to a point on the W line of said quarter-quarter; thence run S along the W line of said quarter-quarter a distance of 300 feet to the point of beginning. Said parcel containing 3 acres, more or less.**

And, the Mortgage dated August 21, 2007 and recorded in the Chilton County Probate Office in Real Property Book 2007, Page 134781 (a/k/a the Mortgage) is reformed to read, in the property description, in full:

> **From the Southeast Corner of the Northeast ¼ of the Southeast ¼, Section 24, Township 21-North, Range 14-East, Chilton County, Alabama, run**

**along a fence N-88°31'20"W for 620.0 feet to a fence corner post and the beginning point of the lot here described; from said point continue said course along a fence 193.09 feet; thence continue along said fence N-88°40'56"W for 283.35 feet to a fence corner; thence continue along an extension of said fence, if extended same said course for 213.96 feet to the East right of way line of County Road 391; thence run along said right of way line N-03°19'47"E for 64 feet to a point on the North side of the drive leading to the DeVaughn Residence; thence leaving said road run S-84°03'06"E for 17.76 feet to a 4" iron post on the South side of a gate and also being on the North side of an iron cattlegap; thence run N-76°39'17"E for 469.84 feet to a point at a wood fence corner; thence run along a wood fence N-22°06'42"W for 48.14 feet to a fence corner post; thence run along a Wood fence N-83°25'49"E for 240.76 feet to a fence corner; thence run along a metal fence S-02°04'32"W for 259.23 feet, back to the point of beginning. Containing 2.57 acres, more or less.**

The Mortgage is also reformed to include Ocie DeVaughn's name in the notary acknowledgment.

Finally, by executing this Order, the Court authorizes the plaintiff to file this Order reforming the Deed and Mortgage in the Office of the Judge of Probate, Chilton County, Alabama. This matter is hereby disposed.

The clerk of the court is directed to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE this the 30th day of November, 2012.

                                              /s/ Mark E. Fuller
                                     UNITED STATES DISTRICT JUDGE